**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Landry Tinnel Perkins,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-19-05199-PHX-DWL<br><br>**ORDER** |

On September 18, 2019, Petitioner initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On August 19, 2020, Magistrate Judge Morrissey issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 13.) Afterward, Petitioner filed objections to the R&R (Doc. 18) and Respondents filed a response (Doc. 21). For the following reasons, the Court will overrule Petitioner's objections, adopt the R&R, and terminate this action.

I.　Background

*The Underlying Crime.* In October 2014, police officers went to an apartment complex in response to reports of a fight in the parking lot. (Doc. 13 at 2.) When they arrived, a neighbor reported that the participants had entered one of the apartments. (*Id.*) When the officers knocked on the apartment's door and announced their presence, two individuals answered the door "and provided ambiguous responses to questions regarding the parking lot and whether anyone else was in the apartment." (*Id.*) After further

1  discussion, Petitioner emerged from a back room, was asked to step outside, and complied.
2  (*Id.*)  Upon running a check, the officers learned that Petitioner had an outstanding warrant
3  for his arrest.  (*Id.*)  A search incident to arrest resulted in the discovery of a plastic bottle
4  in Petitioner's pocket containing marijuana and methamphetamine.  (*Id.*)

5      *Trial And Sentencing*.  Petitioner was charged with possession of dangerous drugs
6  and possession of marijuana.  (*Id.*)  Before trial, Petitioner moved to suppress the evidence
7  obtained during the search incident to arrest.  (*Id.*)  Following a two-day hearing, the trial
8  court denied the suppression motion.  (*Id.*)

9      After a three-day trial, Petitioner was convicted of both counts.  (*Id.*)  Petitioner's
10  counsel then filed a post-trial motion for a competency evaluation.  (*Id.*)  The trial court
11  granted the request, held a competency hearing, and determined that Petitioner was
12  competent.  (*Id.*)

13      At sentencing, Petitioner was sentenced to concurrent terms totaling seven years.
14  (*Id.*)

15      *The Direct Appeal*.  Petitioner timely appealed his convictions and sentences.  (*Id.*
16  at 3.)  After his appointed counsel filed an *Anders* brief, Petitioner filed a *pro per*
17  supplemental brief that raised three issues: (1) a Fourth Amendment claim related to the
18  search; (2) issues with witness credibility; and (3) ineffective assistance of trial counsel
19  ("IAC").  (*Id.*)

20      In March 2018, the Arizona Court of Appeals issued a memorandum decision
21  affirming Petitioner's convictions and sentences.  (*Id.*)

22      *The PCR Proceeding*.  In April 2018, Petitioner filed a timely notice of request for
23  PCR relief.  (*Id.*)

24      In June 2018, Petitioner's court-appointed PCR counsel filed a notice stating that
25  counsel was unable to identify any colorable claims for relief.  (*Id.*)

26      In July 2018, Petitioner filed a motion for new counsel and a *pro se* notice of request
27  for PCR relief.  (*Id.* at 4.)  Both were later denied.  (*Id.*)

28      In August 2018, Petitioner filed a *pro se* PCR petition.  (*Id.*)  It did not raise any

IAC claims—instead, the only two claims were (1) a Fourth Amendment claim and (2) a challenge to the credibility of one of the officers. (*Id.*)

In January 2019, the trial court denied PCR relief. (*Id.*)

Notably, Petitioner did not seek further review in the Arizona Court of Appeals. (*Id.*) Instead, in February 2019, Petitioner filed a petition for review in the Arizona Supreme Court. (*Id.*) This petition was dismissed four days later. (*Id.*)

*The State Habeas Proceeding*. In March 2019, Petitioner filed a petition for a writ of habeas corpus in the Arizona Supreme Court. (*Id.*)

In June 2019, the Arizona Supreme Court dismissed this petition. (*Id.* at 5.)

*The Habeas Claims*. In September 2019, Petitioner filed his federal habeas petition. It asserts three grounds for relief: "[I]n Ground One, Petitioner claims his Fourth and Fourteenth Amendment rights were violated by false witness statements, a warrantless 'protective sweep,' and the denial of a full and fair suppression hearing; in Ground Two, Petitioner alleges ineffective assistance of trial counsel; in Ground Three, Petitioner alleges ineffective assistance of appellate counsel." (*Id.*)

*The R&R*. The R&R concludes that Petitioner is not entitled to relief. As for Petitioner's first ground (Fourth Amendment), the R&R concludes it fails because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in state court, including a two-day suppression hearing (during which Petitioner was allowed to testify and cross-examine witnesses) and further litigation of the claim during Petitioner's direct appeal. (*Id.* at 7-10.) As for Petitioner's second and third grounds (IAC of trial and appellate counsel), the R&R concludes these claims are procedurally defaulted because he did not raise them during his initial PCR proceeding and did not seek review of the denial of PCR relief in the Arizona Court of Appeals. (*Id.* at 10-13.)

…

…

…

…

II.     Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

III.    Analysis

In his objections to the R&R, Petitioner only addresses his second ground for relief (IAC of trial counsel). (Doc. 18.) Specifically, Petitioner challenges the R&R's finding of procedural default as to that claim, arguing it is not procedurally defaulted because (1) the "Court of Appeals . . . proceeded to address the claim on its merits," or alternatively (2) he can establish cause and prejudice to overcome any procedural default under "*Martinez/Trevino*" because he was abandoned by his appointed counsel in the PCR

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

proceeding and the IAC claim itself is strong. (*Id.*)

Petitioner's objections lack merit. First, the Arizona Court of Appeals did not address the merits of Petitioner's IAC claim. Petitioner is referring to his direct appeal, which is the only time he litigated in the Court of Appeals. During that proceeding, the court specifically held that it wasn't reaching the merits of the IAC claim. *State v. Perkins*, 2018 WL 1477506, *2 (Ariz. Ct. App. 2018) (holding, under the heading "Ineffective Assistance of Counsel Claims Are Not Addressed on Direct Appeal," that "[w]e do not address ineffective assistance of counsel claims on direct appeal"). Nor does paragraph 12 of the appellate decision constitute an attempt to reach the merits of the IAC claim—as Respondents correctly note (Doc. 21 at 4), paragraph 12 is best understood as the Court of Appeals' conclusion that it hadn't identified any arguable, unbriefed issues during his own independent search of the record. Accordingly, because Petitioner didn't properly raise an IAC claim during the subsequent PCR proceeding, the claim is procedurally defaulted.

Second, Petitioner's attempts to show cause and prejudice to excuse the procedural default under "*Martinez/Trevino*" are not properly before the Court because Petitioner didn't raise those arguments during the proceedings before the magistrate judge. (Doc. 12 at 13-14 [raising different arguments.]) A party may not, in its objections to an R&R, raise new issues and arguments that weren't presented to the magistrate judge in the first instance. In any event, the Court further agrees, for the reasons stated in Respondents' response (Doc. 21 at 4-12), that Petitioner's arguments would fail even if they weren't forfeited.

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 18) are **overruled**.

(2) The R&R's recommended disposition (Doc. 13) is **accepted**.

(3) The Petition (Doc. 1) is **denied and dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right and because dismissal is justified by a plain procedural bar and

reasonable jurists would not find the procedural ruling debatable.

(5) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 25th day of January, 2021.

Dominic W. Lanza
United States District Judge